IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHANTWAUN J TURNER,

    Plaintiff,

v.                                  CASE NO. 4:15-cv-334-WS-GRJ

BRIAN DAVIS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 25, Defendant Ernest Gorham's Motion to Dismiss. Plaintiff has filed a response in opposition. (ECF No. 45.) The motion to dismiss is, therefore, ripe for review. For the reasons explained below, it is recommended that Defendant's motion to dismiss be denied.

### I.  BACKGROUND

Plaintiff, an inmate incarcerated by the Florida Department of Corrections, initiated this case on July 2, 2015, by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, asserting claims against six Defendants. (ECF No. 1.) On August 12, 2015, Plaintiff filed a second amended complaint asserting claims against only three Defendants: (1) Sergeant

Brian Davis; (2) Officer Ernest Gorham; and (3) Patrick Sanford. (ECF No. 9.) Plaintiff alleges that Defendant Davis and Defendant Sanford used excessive force while arresting Plaintiff by shooting Plaintiff as he was running away. Plaintiff alleges that Defendant Gorham contributed to the excessive force by failing to identify Defendants as law enforcement officers at the outset.

In December 2010, Plaintiff was placed on state probation. In May 2011, Plaintiff failed to report to his probation officer, which resulted in a warrant being issued for Plaintiff's arrest. Plaintiff claims that the police knew he had not left the area, but yet, made no attempt to arrest him on the violation of probation ("VOP") warrant.

Plaintiff says police later received a tip that Plaintiff was responsible for several armed bank robberies and home invasions in a nearby county. On December 1, 2011, without adequately investigating the tip, Defendants went to the area where they knew Plaintiff would be located in order to arrest him. At that time, a warrant had not been issued for the alleged armed bank robberies and home invasions. Thus, police were proceeding solely pursuant to his VOP warrant.

Defendants, in two unmarked vehicles, observed Plaintiff walking

down the street. Defendants pulled up to Plaintiff—one in front of Plaintiff, and one behind Plaintiff. Plaintiff alleges he did not know they were law enforcement officers. Defendant Gorham jumped out of the vehicle in front of Plaintiff with his gun drawn and pointed at Plaintiff. According to Plaintiff, Defendant Gorham did not identify himself as a law enforcement officer. Plaintiff says the area they were in is well known for armed robberies and murders. Thus, Plaintiff feared for his life. Plaintiff turned and started to run away in fear. Plaintiff admits that Defendant Gorham did not fire his gun as Plaintiff fled.

Defendant Sanford was in the vehicle that had pulled behind Plaintiff. As Plaintiff turned and ran from Defendant Gorham, he ran past Defendant Sanford. Without identifying himself as a law enforcement officer, Defendant Sanford shot Plaintiff. The bullet wound shows that Defendant Sanford shot Plaintiff from behind while Plaintiff was running away.

After being shot by Defendant Sanford, Plaintiff kept running until Defendant Davis shot Plaintiff. The wound from Defendant Davis' shot also shows that Defendant Davis shot Plaintiff from behind while Plaintiff was running away. Plaintiff says Defendant Davis did not identify himself as a law enforcement officer before shooting. Plaintiff claims that once he fell to the ground yelling for help because he had been shot, one of the

Defendants said, "[o]h now you're worried about dying. You dumb ass nigger, you should not have tried to run away from us. Just sit there and shut the f[uc]k up."

Plaintiff alleges that Defendant Gorham violated his constitutional rights because he contributed to Defendant Sanford and Defendant Davis' use of excessive force. Plaintiff claims that he ran from Defendants because he did not know they were law enforcement officers. Plaintiff says that if Defendant Gorham had identified himself as a law enforcement officer at the outset, Plaintiff would have immediately surrendered and would not have run. Had Plaintiff not run, he would not have been shot.

After the incident, Defendants investigated the tip and discovered that the tip was not credible because Plaintiff had nothing to do with the armed bank robberies or home invasions. Plaintiff claims that if Defendant had investigated the tip before going to arrest Plaintiff they would not have used deadly force to stop Plaintiff. (*Id.*)

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim

upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009), the Supreme Court stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."

While a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs v. Cnty of Escambia, Fla.*,

132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by *Iqbal*, 556 U.S. 662).

## III.  DISCUSSION

Defendant Gorham argues that Plaintiff has failed to state a claim for relief because Plaintiff has not alleged any plausible facts demonstrating that Officer Gorham's actions violated Plaintiff's constitutional rights. Thus, Defendant Gorham asserts he is entitled to qualified immunity.

### A.  Constitutional Violation

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. This "encompasses the right to be free from excessive force during the course of a criminal apprehension." *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009). A police officer's use of force violates the Fourth Amendment if it is objectively unreasonable in light of the circumstances. *Graham v. Connor*, 490 U.S. 386, 395–97 (1989). The test of reasonableness under the Fourth Amendment,

> requires careful attention to the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id.* at 396.

[T]he Supreme Court [has] held that a police officer may use

> deadly force to seize a fleeing felony suspect when the officer: (1) "has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others" or "that he has committed a crime involving the infliction or threatened infliction of serious physical harm," (2) reasonably believes that the use of deadly force was necessary to prevent escape; and (3) has given some warning about the possible use of deadly force, if feasible.

*Vaughan v. Cox*, 343 F.3d 1323, 1329–30 (11th Cir. 2003) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11–12 (1985)). There is, however, no "magical on/off switch that triggers rigid preconditions" for when an officer may use deadly force. *Scott v. Harris*, 550 U.S. 372, 382 (2007). Each situation must be analyzed under the Fourth Amendment's "reasonableness" test. *Id.*; *Graham*, 490 U.S. at 388.

Plaintiff's allegations plausibly suggest that excessive force was used in this case. Accepting his factual allegations as true—which the Court is required to do when addressing a motion to dismiss— Defendants shot Plaintiff as he was running away without identifying themselves as police officers. Additionally, nothing in the complaint suggests that Plaintiff threatened Defendants or had a weapon. Further, Plaintiff says Defendants did not have probable cause to believe he committed the armed bank robberies and home invasions. These allegations suggest that Plaintiff did not pose a threat of serious physical harm, that Plaintiff was not trying to

resist arrest, and that Plaintiff did not even know they were law enforcement officers. Plaintiff's claim that Defendants utilized excessive force is, therefore, plausible.

Taking Plaintiff's allegations as true, Plaintiff has plausibly alleged a Fourth Amendment claim against Defendant Gorham. An officer who fails to intervene when another officer uses excessive force, and was in a position to intervene, can be liable for excessive force. *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 924 (11th Cir. 2000) (citing *Ensley v. Soper*, 142 F.3d 1402, 1407–08 (11th Cir. 1998)); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985) ("[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.").

Although Plaintiff admits that Defendant Gorham did not directly use excessive force on Plaintiff, Defendant Gorham can nonetheless be liable for contributing to the use of excessive force. Plaintiff asserts that Defendant Gorham was the first to encounter Plaintiff. Instead of announcing he was a law enforcement officer, Defendant Gorham pulled a gun on Plaintiff. Plaintiff further asserts that Defendant Gorham and Defendant Sanford were in unmarked vehicles. He also says that the area

is well known for armed robberies and murders. Thus, Plaintiff has alleged facts sufficient to suggest that he feared for his life and turned to run. Despite the fact that Plaintiff fled, Defendant Gorham still did not announce that they were law enforcement.  As Plaintiff ran past Defendant Sanford, Defendant Sanford shot Plaintiff. Plaintiff says he would not have run if he knew they were law enforcement. Thus, if Defendant Gorham had immediately informed Plaintiff that they were law enforcement officers, according to Plaintiff, he would not have been shot.

These allegations raise Plaintiff's claim above the speculative level to plausible. The allegations, assuming they are true, suggest that Defendant Gorham failed to take reasonable steps to protect Plaintiff from Defendant Sanford and Defendant Davis' alleged use of excessive force.

Defendant Gorham argues that Defendant Gorham's failure to identify himself as a law enforcement officer does not establish the existence of a constitutional violation. (ECF No. 25 at 4.) In support of this contention, Defendant Gorham points to *Ellison v. City of Mongomery*, 85 F. Supp. 2d 1178 (M.D. Ala. 1999). In *Ellison*, however, the failure to identify oneself as a law enforcement officer related to a substantive due process claim. 85 F. Supp. 2d at 1181–82. That is not the issue here. Plaintiff's claim is that Defendant Gorham's inaction contributed to

Defendant Sanford and Defendant Davis shooting him and thus contributed to the use of excessive force.

At this stage, the Court cannot determine whether or not Defendants Sanford and Davis actually used excessive force on Plaintiff. Likewise, whether Defendant Gorham was in a position to intervene but failed to do so, and whether Defendant Gorham's inaction contributed to the use of excessive force, are issues that cannot be resolved at the motion to dismiss stage. The Court must accept Plaintiff factual allegations as true and determine whether they rise to the level of a plausible claim of excessive force. In this case, they do.

## B.  Qualified Immunity

Defendant Gorham argues that, even taking Plaintiff's factual allegations as true, he is entitled to qualified immunity because he did not commit a clearly established constitutional violation.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, a court must consider two factors: (1) whether the factual allegations show that the

officer's conduct violated a constitutional right; and (2) whether the right was clearly established. *Person v. Callahan*, 555 U.S. 223, 236 (2009).

Defendant Gorham is not entitled to qualified immunity at this stage. For purposes of the motion to dismiss, the Court must accept Plaintiff's factual allegations are true. In that light, for the reasons previously discussed, Plaintiff has plausibly alleged that Defendant Gorham violated Plaintiff's Fourth Amendment right to be free from excessive force. *See Swofford v. Eslinger*, 671 F. Supp. 2d 1289, 1309 (M.D. Fla 2009), *aff'd*, *Swofford v. Eslinger*, 395 F. App'x 559 (11th Cir. 2010), *reh'g denied*, *Swofford v. Eslinger*, 409 F. App'x 316 (11th Cir. 2010), *cert. denied*, *Morris v. Swofford*, 562 U.S. 1201 (2011) (defendant was not entitled to qualified immunity where defendant did not announce himself to plaintiff or warn plaintiff to drop his firearm, and therefore, a jury could infer that defendant failed to take steps that were feasible to protect plaintiff from other defendant's use of deadly force).

Furthermore, taking Plaintiff's allegations as true, Plaintiff's right was well established under the circumstances. *See Priester*, 208 F.3d at 924 (an officer in a position to intervene is liable for failing to intervene when another officer uses excessive force); *Fundiller*, 777 F.2d at 1442 ("[A]n officer who is present at the scene and who fails to take reasonable steps

to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance."); *Ensley*, 142 F.3d at 1407–08 ("if a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable").

Defendant Gorham's entitlement to qualified immunity is highly fact intensive. Relevant issues include whether excessive force was used, whether Defendant Gorham's actions contributed to the use of excessive force, and whether Defendant Gorham was in a position to intervene but failed to do so. These issues cannot be resolved on a motion to dismiss. Accordingly, Defendant Gorham's motion to dismiss should be denied.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendant Gorham's motion to dismiss, ECF No. 25, should be **DENIED**.

**IN CHAMBERS** this 15th day of July, 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**